United States District Court
Southern District of Texas
**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BENJAMIN DOUGLAS DICKEY, § § Plaintiff, § § VS. § J.C. HOOPER, *et al.*, § § Defendants. § § § § | CIVIL ACTION NO. 2:23-CV-00313 |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff Benjamin Douglas Dickey, proceeding *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Nueces County Jail in Corpus Christi, Texas.

Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (D.E. 2). His inmate trust fund account statement showed he had $911.01 in his account, which is more than sufficient to pay the $402.00 filing fee[1] in this case. (D.E. 3). Accordingly, by Order entered on November 27, 2023, the undersigned directed Plaintiff to pay the full filing fee of $402.00 within twenty days or show cause in writing why his case should not be dismissed for failing to do so. (D.E. 6). Plaintiff was warned that his failure to comply with the November 27, 2023 order may result in his case being dismissed. (*Id.* at 1).

---

[1] Plaintiff initiated this lawsuit on November 22, 2023. At that time, the filing fee for civil actions was $402.00.

On December 26, 2023, the Court received Plaintiff's motion asking the Court to waive payment of the full filing fee. (D.E. 7). Plaintiff stated that the monies in his inmate trust account would instead be used for his "current legal cases," which apparently did not include this action. (*Id.*).

By Order entered on January 2, 2024, the undersigned determined that: (1) Plaintiff's explanation did not change the fact he has the ability to pay the filing fee in this case; and (2) Plaintiff had not shown cause why he should not be required to use his funds to pay the full filing fee in this action. (D.E. 8, p. 2). Plaintiff, therefore, was ordered to pay the full filing fee on or before January 22, 2024. (*Id.*). Plaintiff was warned that his failure to comply with the January 2, 2024 Order may result in his case being dismissed for want of prosecution and that it was unlikely any further extensions of time to pay the full filing fee would be granted. (*Id.* at 3).

To date, Plaintiff has failed to comply with or otherwise respond to the January 2, 2024 Order. A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). The Court has warned Plaintiff on two occasions that this action would be subject to dismissal for failing to comply with the Court's instruction to pay the full filing fee of $402.00 in a timely fashion. (D.E. 6, p. 1; D.E. 8, p. 3). Despite these warnings, Plaintiff has failed to follow Court orders and submit the full

filing fee. Due to Plaintiff's failure to follow Court orders, the undersigned finds that dismissal of this case is appropriate.

Accordingly, the undersigned respectfully recommends that Plaintiff's motion to proceed IFP (D.E. 2) be **DENIED** and that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on January 31, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).